NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

Eastern District of Kentucky
FILED

JAN 19 2006

AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CIVIL ACTION NO. 05-CV-336-KSF

MARC JOHNSON
A/K/A MARCUS BOND JOHNSON                                                PLAINTIFF

VS:            **MEMORANDUM OPINION AND ORDER**

STATE OF KENTUCKY, ET AL.                                                DEFENDANT

\* \* \* \* \* \*

This matter is before the Court on the failure of Marc Johnson, a/k/a Marcus Bond Johnson, to comply with the Court's August 23, 2005 Deficiency Order.

BACKGROUND

On August 8, 2005, Marc Johnson submitted to the Clerk of this Court a motion to proceed *in forma pauperis* and a self-styled, one-page memorandum directed to the "United States Federal Court, Eastern District of Kentucky." The body of the document reads as follows:

> Previous Federal Lawsuit(s) Filed   Informa Pauperis
> In Federal Courts Listed Civil And Criminal Complaints Lodged Against Various
> Intities Did Not Include Sex Crimes Against The Johnson Family
> In Efforts To Prevent Marriage And Family In Addition To Sexual Exploitation
> Involving Government.
>
> Pornography Was Penerim And Unfortunately Sex Crimes Have Continued
> Against The Johnson Family Culminating In Hustler Penerim.
>
> The Railroad(s) Was Penerim And Unfortunately The State Government
> Governor's Office Under Paul Patton Administration Penerim.

Record No. 1.

This Court liberally construed the *pro se* document, writing that it "is perhaps intended to initiate a *pro se* civil rights action," and noting that his accompanying motion to proceed *in forma pauperis* contained insufficient information for the Court to rule on it. Accordingly, on August 23, 2005, the Court issued a Deficiency Order wherein the plaintiff was advised of the deficiencies in his submissions; was provided with court forms; and directed to return them and cure the deficiencies within 30 days.

In the Deficiency Order [Record No. 3], the Court specifically required the plaintiff to complete and file the following: (a) a 4-page affidavit form for use by non-prisoners applying to proceed *in forma pauperis*; (b) a form for providing allegations that administrative remedies are not available or have been exhausted; and (c) a signed complaint in conformity with the Federal Rules of Civil Procedure.

With regard to (a), the Court put the plaintiff "on notice that if the plaintiff fails to either submit the required financial form or to pay the filing fee within thirty (30) days from the date of entry of this Order, the District Court must . . . order the case dismissed for want of prosecution." Similarly, regarding (c), the Court warned that "if he does not file a complaint in conformity with the Federal Rules within the same thirty (30) days, then this Court may dismiss the action for failure to prosecute."

The only action taken by the plaintiff since that time has been full payment of the district court filing fee, which occurred on September 2, 2005.

DISCUSSION

The instant plaintiff is no stranger to litigation in this Court, having filed several *pro se* causes of action in recent years. The docket shows that, under the full name of Marcus Johnson, he

2

filed *Johnson v. Lexington Legal Bar Association*, Lexington No. 03-CV-135-JMH, which was dismissed, *sua sponte*, for his failure to pay the fee or file a proper motion to proceed *in forma pauperis*. An appeal therein was dismissed for his failure to prosecute. In *Johnson v. Building Under Construction*, Lex. No. 04-CV-378-JBC, the plaintiff paid the filing fee, but the action was dismissed on several grounds; the plaintiff did not appeal. Most recently, in November of 2005, Johnson filed *Johnson v. Lexington Fayette Urban County Government*, Lex. No. 05-CV-493-JMH, which remains pending with a motion to proceed *in forma pauperis*.

The instant case is much like that in the plaintiff's 2004 civil action. His complaint is similarly a series of a few un-understandable paragraphs; he paid the fee but did not otherwise prosecute his cause; and dismissal was appropriate on several grounds. The first ground herein is the plaintiff's failure to comply with the Court's August Deficiency Order, requiring him to submit a proper complaint within 30 days or risk dismissal of his case. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) (a *pro se* litigant is not afforded special consideration for failure to follow readily comprehended court orders). More than 120 days has elapsed without the plaintiff's curing the deficiencies, as directed, or serving the defendants, as provided under the Federal Rules. *See* Fed.R.Civ.P. 4(m).

Additionally, as the plaintiff was advised by this Court in 04-378, federal courts are courts of limited jurisdiction. *See* U.S.C.A., Const. Art. 3, §1, *et seq.*; *see also Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986) (citing *Marbury v. Madison*, 5 U.S. 137 (1803)). Subject matter jurisdiction is the unwaivable *sine qua non* for exercise of the federal judicial power. *Richmond v. International Business Machines Corporation*, 919 F. Supp. 107 (E.D.N.Y. 1996) (citing Fed.R.Civ.P. 12(b)(1)).

3

Lack of subject matter jurisdiction may be asserted at any time by the parties or by the Court *sua sponte.* Fed.R.Civ.P. 12(b)(1) and 12(h)(3); *Clark v. Paul Gray, Inc.*, 306 U.S. 583 (1939). "Quite logically, we examine the jurisdictional issue at the outset. *See, Northwest Airlines, Inc. v. Transport Workers*, 451 U.S. 77, 95 . . . (1981) . . . ." *Moubry by Moubry v. Independent School District No. 696 (Ely)*, 951 F. Supp. 867, 882 (D. Minn. 1996). The plaintiff has the burden to set out expressly affirmative allegations to establish that this Court has subject matter jurisdiction. *See e.g., Thomson v. Gaiskill*, 315 U.S. 442 (1942). The instant plaintiff has failed to carry this burden.

Federal courts have long had the power to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of jurisdiction if claims over which they would otherwise have jurisdiction are "so attenuated and unsubstantial as to be absolutely devoid of merit, [are] wholly insubstantial [or are] obviously frivolous." *Hagans v. Lavine*, 415 U.S. 528, 537 (1974) (citations omitted); *see also Health Cost Controls v. Skinner*, 44 F.3d 535, 537 (7th Cir. 1995); *Gilder v. PGA Tour, Inc.*, 936 F.2d 417 (9th Cir. 1991); *Crisafi v. Holland*, 655 F.2d 1305, 1307-08 (D.C. Cir. 1981).

Although complaints filed by *pro se* litigants are held to a less stringent standard than those filed by legal counsel, the minimum pleading requirements of the federal rules must be satisfied and, therefore, patently insubstantial complaints may be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).

The plaintiff's complaint does not provide facts related to specific events or a clear federal claim, so as to establish the jurisdiction of this Court. Such defects render the complaint patently insubstantial and, therefore, subject to dismissal, pursuant to Fed.R.Civ.P. 12(b)(1). For this reason

4

alone, dismissal of the instant action would be appropriate, *sua sponte*, under *Neitzke* or *Wells*. Also, the plaintiff's sole pleading can best be described as delusional, another basis for *sua sponte* dismissal under *Apple v. Glenn*, 183 F.3d 477 (6th Cir. 1999), *cert. denied*, 528 U.S. 1198 (2000).

Consistent with the dismissals in *Apple v. Glenn* and in *Johnson v. Building*, the Court finds that the instant action warrants *sua sponte* dismissal for lack of subject matter jurisdiction, because "the allegations of a complaint are totally implausible, attenuated, insubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple,* 183 F.3d at 479.

## CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1)   The plaintiff's motion to proceed *in forma pauperis* is **DENIED** as moot; and

(2)   this action is **DISMISSED WITHOUT PREJUDICE** and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the defendants.

This the ___18___ day of January, 2006.

_____KSF_____
KARL S. FORESTER, SENIOR JUDGE